1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHIJIOKE ISAMADE,                    No.  2:22-cv-0334-JAM-CKD PS

12              Plaintiff,

13      v.                                ORDER AND

14   ELEXIS BERNAL,                       FINDINGS AND RECOMMENDATIONS TO
                                          DISMISS WITHOUT LEAVE TO AMEND
15              Defendant.

16

17

18          This action was referred to the undersigned pursuant to Local Rule 302(c)(21). See 28

19   U.S.C. § 636(b)(1). Plaintiff's pro se complaint filed on February 22, 2022 (ECF No. 1) is before

20   the court for screening.

21          Plaintiff Chijioke Isamade filed an application in support of his request to proceed in

22   forma pauperis. (ECF No. 2.) Plaintiff's application makes the showing required by 28 U.S.C. §

23   1915. The motion to proceed in forma pauperis will be granted.

24   **I.      SCREENING REQUIREMENT**

25          Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis

26   proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a

27   claim on which relief may be granted," or "seeks monetary relief against a defendant who is

28   immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

1

1   (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2   Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the

3   court accepts as true the factual allegations contained in the complaint, unless they are clearly

4   baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff.

5   See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d

6   954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

7        Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines

8   v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory

9   allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council

10  v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of

11  action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57

12  (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

13       To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

14  state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial

15  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

16  inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se

17  litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend

18  unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809

19  F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v.

20  Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

21  **II.    THE COMPLAINT FAILS TO STATE A CLAIM**

22       **A.    Allegations in the Complaint**

23       Plaintiff is currently confined at the Sacramento County Main Jail. Plaintiff's Mercedes

24  Benz truck was parked at defendant Elexis Bernal's address while plaintiff was in federal custody

25  at the jail from November 1, 2018, until October 19, 2021. Plaintiff alleges that sometime in 2019

26  or 2020, Bernal stole plaintiff's DMV vehicle title out of the truck. Bernal then forged plaintiff's

27  initials and signature at the DMV, replacing Bernal's name on the title in order to permanently

28  deprive plaintiff of the truck. When plaintiff's wife attempted to retrieve the truck from Bernal's

address, Bernal waited in hiding and hit plaintiff's wife with a motor vehicle, causing severe injuries to plaintiff's wife.

On a subsequent date, plaintiff's wife entered Bernal's home without express permission because Bernal had contacted plaintiff's wife to attempt to blackmail plaintiff in exchange for his truck. Bernal had plaintiff's wife arrested and then received $31,000 through an insurance claim based upon the incident, which plaintiff alleges was fraudulent. Bernal pressed charges and plaintiff's wife is being held accountable.

Plaintiff alleges Bernal has bragged to plaintiff on a federally recorded phone call about running over plaintiff's wife and getting rich off insurance fraud. In addition, plaintiff alleges Bernal illegally filed plaintiff's tax returns and has obtained fraudulent PPP loans, EDD, and stimulus checks.

Plaintiff states he is suing Bernal for IRS tax fraud, insurance fraud, DMV Title fraud, larceny, and attempted murder of his wife. For relief, plaintiff seeks to have the insurance funds refunded and monetary relief in the amount of $50,000.

**B.      The Complaint Fails to State a Claim**

Although plaintiff seeks to hold Bernal liable for various alleged criminal acts, plaintiff provides no authority for the proposition that he has a private right of action to assert a violation of criminal statutes, and no such right generally exists. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding specific criminal provisions in the United States Code "provide no basis for civil liability"); Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir. 1999) ("sections of the California Penal Code… do not create enforceable individual rights"). Unless there is a clear congressional intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute. Federal Sav. & Loan Ins. Corp. v. Reeves, 816 F.2d 130, 138 (4th Cir. 1987) (where there is no affirmative indication that Congress intended to furnish a civil remedy, no civil cause of action exists).

Plaintiff also does not state a cognizable claim under Bivens or 42 U.S.C. § 1983 for a violation of his constitutional rights. Under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), a plaintiff may sue a federal officer in his or her

3

1   individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens, 403

2   U.S. at 397. Similarly, under 42 U.S.C. § 1983, a plaintiff may state a claim by alleging a right

3   secured by the Constitution or laws of the United States was violated by a person acting under the

4   color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

5       Plaintiff does not state a claim under Bivens or 42 U.S.C. § 1983 because the complaint

6   does not allege a violation of plaintiff's constitutional rights or federal law. In addition, plaintiff

7   does not state a claim under Bivens or § 1983 because the complaint does not allege the

8   involvement of any federal officials or persons acting under color of state law. Instead, the

9   complaint involves the conduct of a single defendant who is a private actor. Private parties do not

10  generally act under color of state law for purposes of 42 U.S.C. § 1983. See Price v. Hawaii, 939

11  F.2d 702, 707-08 (9th Cir. 1991). Private action, no matter how wrongful, is not actionable under

12  Bivens or § 1983. See Holly v. Scott, 434 F.3d 287, 291-92 (4th Cir. 2006); Van Strum v. Lawn,

13  940 F.2d 406, 409 (9th Cir. 1991).

14  **III.    CONCLUSION**

15      Leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). In

16  this case, however, it is clear the deficiencies in the complaint cannot be cured by alleging

17  additional facts. Under these circumstances, leave to amend would be futile. See Lucas v. Dep't

18  of Corrs., 66 F.3d 245, 248 (9th Cir. 1995).

19      In accordance with the above, IT IS ORDERED:

20      1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

21      In addition, IT IS RECOMMENDED:

22      1.  Plaintiff's complaint (ECF No. 1) be DISMISSED without leave to amend for failure

23  to state a claim; and

24      2.  The Clerk of the Court be directed to close this case.

25      These findings and recommendations are submitted to the United States District Judge

26  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

27  after being served with these findings and recommendations, any party may file written

28  objections with the court and serve a copy on all parties. Such a document should be captioned

4

1  "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

2  within the specified time may waive the right to appeal the District Court's order. Martinez v.

3  Ylst, 951 F.2d 1153 (9th Cir. 1991).

4  Dated:  March 14, 2022

5  _____
   CAROLYN K. DELANEY
6  UNITED STATES MAGISTRATE JUDGE

7  8.Isamade.22cv0334.screen.fr

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28